In the Matter of CENTRAL QUEENS ALLIED CIVIC COUNCIL, INC. et al., Petitioners, against BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents, and HABCO ESTATES, INC., Intervenor-Respondent.

Supreme Court, Special Term, Queens County, August 24, 1955.

*Peter Campbell Brown, Corporation Counsel (Milton Mollen and Elias Low* of counsel), for respondents.

*Robert T. Groh* for intervenor-respondent.

*Max M. Lome* and *Joseph F. Thierman* for petitioners.

SAMUEL RABIN, J. This is a motion by the respondents, constituting the board of standards and appeals of the City of New York, to vacate an order of certiorari obtained pursuant to the provisions of section 668e–1.0 of the Administrative Code of the City of New York, to dismiss the petition upon which it was granted and to affirm the determination of the board. Habco Estates, Inc., the owner of the premises, the intervenor-respondent, joins in the motion.

The respondent board of standards and appeals of the City of New York granted a variance in the application of the use district regulations of the Zoning Resolution, pursuant to subdivisions (e) and (h) of section 7 and section 21 thereof, permitting in a local retail and residence use district a change and extension of use to permit a building, now being used and occupied as a skating rink, to be used and occupied as a salesroom under the name " Merrick Mart," as indicated on certain plans filed with the application, and to permit an extension of the use of space for parking. The said skating rink had previously been permitted under resolutions of the board, adopted on July 6, 1950, as thereafter amended by resolutions adopted September 15, 1951, for a period of ten years terminating in 1960.

The premises which are the subject of this proceeding consist of a plot having a frontage of 31.88 feet and a depth of 359 feet irregular, approximately 60,000 square feet in area, fronting on three streets, namely, Merrick Boulevard, Francis Lewis Boulevard, and Eveleth Road. On this area there is constructed a modern one-story fireproof building. A portion of the premises is located in a local retail use area but a portion of the building and area is located in a residence use district. To the extent of approximately 85% of the building, it is a conform-

ing use of the Zoning Resolution since it is located in a retail use district. The remainder of the building for the parking of cars extends over into a residential use district and is presently properly located there pursuant to the variance granted by the board on July 6, 1950.

It would seem that petitioners' basic objection to the variance granted by the respondent board is grounded on a fear, as expressed at the hearing, that it would bring into the community a type of business, namely, a " farmers' market," the operation of which would tend to establish slum areas, attract individuals of shady character, and create traffic, health and police problems; that such business would be conducted in the nature of a carnival or midway by unreliable people selling third-class merchandise, underselling legitimate business men in the area and fooling the public. Nowhere in the record before the court is there any substantiation or justification of this fear.

Petitioners also urge the denial of the motion and the annulment of the determination of the board on another ground, namely, that since the application for a variance of use was made under section 21, as well as under subdivisions (e) and (h) of section 7 of the Zoning Resolution in order to succeed, the intervenor-respondent would have to establish practical difficulty or unnecesssary hardship; that the board makes no such finding in its return. The contention is without merit.

The application before the board was basically one for an extension of area and not for a variance of use. The application for variance of use had previously been passed upon and granted in July, 1950, and the erection of the existing building approved. To a partial extent the premises, which are the subject of the within proceeding, could be used as a salesroom or shopping center, the use sought. Petitioners' objection is to the extension of the area of a conforming use of the zoning regulation to include such entire existing building. Actually, only 15% of such building is in a residential area. The use presently permitted can, by no stretch of the imagination, be interpreted as a residential use. As the board pointed out in its resolution, the property's use as a skating rink is less desirable than its use as a shopping center or " farmers' market." The court cannot disagree with that conclusion. The board's determination, therefore, would not have to be on the ground of hardship and would seem to be within the discretion of the board, subject to the usual limitations that it be not capricious, arbitrary or illegal.

Petitioners urge a reversal of the determination under review on the following additional grounds: That the board lacked jurisdiction to entertain the original petition for the variance under consideration; that petitioners were deprived of a full opportunity to be heard; that the board had no power to limit the right to be heard on objections to property owners within a radius of 500 feet of the subject property; that the board was guilty of other irregularities which would invalidate its determination, among them that of receiving and considering new plans and other extraneous matter and making an inspection of its own after the close of the hearing, without giving the petitioners an opportunity to analyze and meet such additional matter; and, finally, that the board acted on conclusory knowledge alleged by the applicant and not on its own findings of fact.

These arguments advanced by the petitioners, attacking the jurisdiction and procedure of the board, are unsupported by the facts. On the contrary, it is clear from the return that due notice was given to those in interest and a complete hearing was had; that sufficient opportunity was given to all parties properly before the board to interpose any and all objections and to be heard thereon.

All of the arguments addressed to the merits raised by the petitioners on this motion were presented to the board and apparently considered by it. In addition, an inspection of the site, the neighborhood and other similar uses in New York City and Long Island, was made by a committee of the board which thereupon unanimously granted the variance under review with numerous conditions and safeguards, having due consideration for the welfare of the owners of the surrounding properties and the public health, safety and general welfare. Included in these safeguards was a provision that the interior of the building, to be used as a salesroom or shopping center, was to be specifically arranged as indicated on plans submitted and marked at the hearing, a provision intended and calculated to insure a proper operation of the building. Obviously, the board considered the petitioners' expressed fears and forebodings regarding the possible undesirable character of the operation to be installed in the so-called "farmers' market," shopping center or salesroom.

It does not appear from the entire record that in acting as it did, the respondent board abused its discretion or acted in bad faith, or that its action was unreasonable, arbitrary, discriminatory or illegal. Under these circumstances, it would be an abuse of discretion for this court to substitute its judg-

ment for that exercised by the respondent board, consisting as it does of " men with special qualifications of training and experience." (*People ex rel. Fordham Manor Ref. Church* v. *Walsh,* 244 N. Y. 280, 287.)

The petitioners having failed to show that the respondent board abused its discretion in granting the variance, the determination must be sustained. Accordingly, the motion by the respondent board, which is joined in by the intervening respondent, to vacate the order of certiorari and to dismiss the petition is granted and the determination under review confirmed, without costs.

Submit order.